

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711 *See Amendments to Arts 24.28 and 35.27 of V.T.C.C.P. and H-125*

July 11, 1966

Honorable Wm. Hunter
District Attorney
Dalhart, Texas

Opinion No. C-720

Re: Whether the counties bear
the expense of witness
mileage and per diem
under the Uniform Act to
secure the attendance of
witnesses from without
the State in criminal
proceedings.

Dear Mr. Hunter:

    In your opinion request you ask the captioned question. Article 24.28, Vernon's Code of Criminal Procedure, is the Uniform Act to Secure Attendance of Witnesses from without the State. Section 4 thereof provides, in part:

    "Sec. 4. If a person in any State, which by its laws has made provision for commanding persons within its borders to attend and testify in criminal prosecutions, or grand jury investigations commenced or about to commence, in this State, is a material witness in a prosecution pending in a court of record in this State, or in a grand jury investigation which has commenced or is about to commence, a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. Said certificate may include a recommendation that the witness be taken into immediate custody and delivered to an officer of this State to assure his attendance in this State. This certificate shall be presented to a judge of a court of record in the county in which the witness is found.

    "If the witness is summoned to attend and testify in this State he shall be tendered the sum of ten cents a mile

for each mile by the ordinary traveled
route to and from the court where the
prosecution is pending and five dollars
for each day that he is required to travel
and attend as a witness. A witness who
has appeared in accordance with the pro-
visions of the summons shall not be re-
quired to remain within this State a
longer period of time than the period
mentioned in the certificate, unless
otherwise ordered by the court. If
such witness, after coming into this
State, fails without good cause to at-
tend and testify as directed in the
summons, he shall be punished in the
manner provided for the punishment of any
witness who disobeys a summons issued
from a court of record in this State."

As you point out, no provision is made in this
Article as to who should pay such witnesses. There is,
however, a provision as to who should pay out of county
witnesses contained in Article 35.27, Vernon's Code of
Criminal Procedure, which provides:

"(1) Any witness who has been sub-
poenaed, or has been attached and given
bond for his appearance before any court,
or before any grand jury, out of the county
of his residence, to testify in a case
regardless of disposition of said case,
and who appears in compliance with the
obligations of such subpoena or bond,
shall be allowed seven cents per mile
going to and returning from the court
or grand jury, by the nearest practical
conveyance, and ten dollars per day for
each day he may necessarily be absent
from home as a witness in such case.

"Provided, any witness who has been
subpoenaed or has been attached and
given bond for his appearance before any
court, out of the county of his residence,
to testify in a case, and who appears in
compliance with said subpoena or with the
obligations of such bond, and the case
in which he is a witness is reset for a
later day in the same term of court, not

exceeding four days, shall not be paid mileage for any additional trip to or from court he may make by reason of the resetting of said case unless permission first had and obtained from the trial judge to make said trip, but shall be entitled to receive his per diem for the additional days he may be in attendance upon court by reason of the resetting of the case.

"Witnesses shall receive from the State, for attendance upon courts and grand juries in counties other than that of their residence in obedience to subpoenas issued under the provisions of law seven cents per mile, going to and returning from the court or grand jury by the nearest practical conveyance, and ten dollars per day for each day they may necessarily be absent from home as a witness to be paid as now provided by law; and the foreman of the grand jury, or the clerk of the court shall issue such witness certificates therefor, after deducting therefrom the amounts advanced by the officers serving said subpoenas, as shown by the returns on said subpoenas; which certificates shall be approved by the judge and recorded by the clerk in a well-bound book kept for that purpose; provided, that when an indictment can be found from the evidence taken before an inquest or examining trial, no subpoena or attachment shall issue for a witness who resides out of the county in which the prosecution is pending to appear before a grand jury. When the grand jury shall certify to the judge that sufficient evidence cannot be secured upon which to find an indictment, except upon testimony of non-resident witnesses, the judge may have subpoenas issued as provided for by law to other counties for witnesses to testify before the grand jury, not to exceed one witness to any one fact, nor more than three witnesses to any one case pending before the grand jury."

It is the opinion of this office that the procedure for payment of the out of state witness is the

same as for any other out of county witness. Article 24.28, Sec. 4, Vernon's Code of Criminal Procedure, merely changes the amount of compensation such witness is entitled to receive.

We are bolstered in this opinion by the fact that the 59th Legislature, in the General Appropriation Bill, appropriated the sum of Two Thousand ($2,000.00) Dollars for the payment of the expenses of witnesses in felony cases or before a grand jury summoned under the provisions of Article 486a, old Code of Criminal Procedure, now Article 24.28, Vernon's Code of Criminal Procedure, to attend and testify in this State. (59th Legislature, Regular Session (1965), Chapter 720, H. B. No. 12, page 1691.)

## SUMMARY

Out of state witnesses subpoenaed to appear in Texas courts are paid in accordance with the payment of other out of county witnesses as set forth in Article 35.27, Vernon's Code of Criminal Procedure; however, the amount such witnesses are paid is in accordance with Article 24.28, Vernon's Code of Criminal Procedure.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: ROBERT E. OWEN
Assistant Attorney General

REO/er

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Sam Kelley
Bob Towery
Charles Swanner
James McCoy

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright